# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 13, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

132556

KENNETH R. JAGER,
          Plaintiff-Appellee,

v

ROSTAGNO TRUCKING COMPANY, INC., and
ACCIDENT FUND INSURANCE COMPANY OF
AMERICA,
          Defendants-Appellees,
and

SILICOSIS, DUST DISEASE & LOGGING
INDUSTRY COMPENSATION FUND,
          Defendant-Appellant.

SC: 132556
COA: 259046
WCAC: 03-000352

_____/

On order of the Court, the application for leave to appeal the October 12, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

I would grant defendant's application for leave to appeal to consider the following issues: (1) with regard to an industry-defined workers' compensation fund, such as the Logging Industry Compensation Fund, by what means is the covered "industry" to be defined; (2) whether "employment in the logging industry" in MCL 418.531 references the nature of work that an employee is engaged in at the time of an injury or the nature of the work performed by his or her employer; (3) whether Code No. 2702, as referenced by MCL 418.501, defines what activities are compensable under § 501 or what activities are compensable by § 501 only if one is employed within the "logging industry"; (4) whether the logging fund has a cause of action against a business or an insurer that, for purposes of insurance coverage, intentionally or negligently misclassifies the "industry" code of a particular business and thereby causes the fund to rely on such misclassification in setting

its rates; and (5) whether the Workers' Compensation Appellate Commission in this case accurately concluded that, "to permit recovery from the Fund under the circumstances of this case provides the employer with a form of double recovery anathema to the compensation system."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 13, 2007

_____
Clerk

t0410